Sarah Wild, Administratrix, Appellee, v. Chicago, Burlington & Quincy Railway Company, Appellant.

1. INSTRUCTIONS—*when upon question of negligence erroneous.* An instruction is erroneous which is abstract in form, refers to negligence not charged in the declaration and not supported or warranted by the evidence.

2. INSTRUCTIONS—*when erroneous in ignoring defense.* An instruction which directs a verdict in an action for death caused by alleged wrongful act is erroneous which utterly ignores the question as to whether or not the plaintiff's intestate assumed the risk of injury as an incident to his employment.

3. INSTRUCTIONS—*must be supported by pleadings.* An instruction on the question of negligence is erroneous which is not supported by the allegations of the declaration.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed August 5, 1909.

KIRBY & WILSON, for appellant.

BELLATTI & BARNES, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case for the recovery of damages resulting from the death of William Wild, the plaintiff's intestate, which it is charged was caused by the negligence of the defendant company. The trial resulted in a judgment in favor of the plaintiff for $3500, to reverse which this appeal is prosecuted by the defendant.

The first count of the declaration charges that Wild had been in the employment of the defendant for some thirty days, and was by direction of the agent of the defendant working upon one of its tracks shoveling dirt and grading; that this work required him to be between the rails and to stoop over with his shovel; that while so at work he could not look out for the approach of trains; that a certain engine and train in charge of servants of the defendant was being driven toward the point where Wild was working, and it became the duty of the defendant to warn Wild of the approach of said engine and cars, in order to enable him to get off the track and out of the way; that it neglected this duty, and by its agents and servants so carelessly and negligently drove and managed said engine and cars that by and through its negligence, by its agents and servants, in that behalf, and while the said Wild was working on the track, with due care and diligence for his own safety, said engine and cars ran upon and struck the said Wild, etc. The second count differs from the first in that the negligence therein charged is that the defendant neglected to have a brakeman or some other employe stationed upon the forward end of the cars, which were in front of the engine and being pushed toward said Wild, to give warning of the approach of the train.

The evidence discloses that Wild was killed while in the employ of the defendant as one of a section gang, who were engaged at work at and about a steam shovel, which was being used by the defendant to load dirt into cars situated upon a track opposite to that upon which

the steam shovel was located and connected therewith by a switch. The particular work in which he was engaged at the time he met with his death, was keeping such switch free from dirt. There is evidence tending to show that upon the day in question the foreman of the gang had stood near him directing him in his work, and that as trains approached warned him to get off the track; that while he was working at the switch, with one foot between and the other outside of the rails, and during the temporary absence of the foreman, he was struck by an engine to which his back was turned, and killed. The evidence further tends to show that he had been working about the steam shovel for about thirty days, and was familiar with the tracks in the vicinity and with the movements of the different trains upon such tracks.

The negligence chiefly relied upon by the plaintiff in the Circuit Court as a basis of recovery was the alleged neglect of the foreman of the gang to keep a lookout for approaching trains and warn the deceased of the approach of the train which struck him. It is not argued that the members of the crew of the train which ran over him were negligent in any other particular than in failing to give warning by bell or whistle of the approach of the train. It is manifest that the negligence intended to be charged in the first count of the declaration was that of the servants in charge of the train. The allegations cannot by any reasonable interpretation be held to constitute any breach of duty by other servants of the defendant. In this state of the pleadings and proof, the court gave to the jury at the instance of the plaintiff the following instructions:

"1. A railroad company must use reasonable care and caution in the selection and management of its rolling stock, and in the employment of competent persons to manage its business, so that no unnecessary risk shall be incurred by any of its servants in the discharge of their duties, and if the company does not do so, and an injury happens to one of its servants, by reason of such neglect, the company will be liable

for the injury thus sustained, provided the person injured is using reasonable care and caution to avoid the injury.

"2. The court further instructs the jury that if you believe from the evidence that the defendant, through the negligence and want of reasonable care of its servants and agents, neglected and failed to give the plaintiff's intestate warning of the approach of said train, as charged in the declaration, and if you further believe from the evidence that under all the circumstances it was the duty of the defendant to give the plaintiff's intestate warning of the approach of said train, as charged in the declaration, and if you believe from the evidence that by reason of the failure to give warning of the approach of said train, the plaintiff's intestate was run upon by said train and killed, while he was in the exercise of ordinary care for his own safety, then you should find the defendant guilty.

"4. The court further instructs the jury that if you believe from the evidence that the defendant had a foreman in charge of the gang of laborers of whom the plaintiff's intestate was one, and that it was the duty of the defendant through its foreman in charge of said gang to give notice to the laborers of the approach of the train in question, and if you further believe from the evidence that the foreman so in charge of said gang neglected to give the plaintiff's intestate warning of the approach of said train, and that by reason of his neglect to warn the plaintiff's intestate of the approach of said train, the plaintiff's intestate was run upon by said train and killed, while in the exercise of ordinary care and prudence for his own safety, then you should find the defendant guilty."

The first instruction was clearly misleading; it was not only abstract in form, but it referred to negligence not charged in the declaration and not supported or warranted by the evidence, that is to say, the negligence of the defendant in the selection of its rolling stock or the employment of incompetent servants. The second instruction, while directing a verdict, utterly ignored the question whether or not the deceased as-

sumed the risk of injury as an incident to his employment, which under the evidence was a controverted issue. Where the court directs a particular verdict and if the jury finds certain facts, the instruction must embrace all the facts and conditions essential to such verdict. There are no allegations in the declaration which negative the assumption of risk. The fourth instruction authorizes a verdict of guilty in the event that the foreman in charge of the gang of laborers, of whom deceased was one, neglected to give warning of the approach of the train. There was no allegation in the declaration to support this instruction. As we have said, the averments of the declaration are limited to the negligence of the members of the train crew, and no negligence on the part of the foreman of the section gang is therein charged.

For the reasons indicated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*